UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Blaine/Atlantic Funding, LLC,            No. 23-cv-172 (KMM/DLM)

        Plaintiff,

v.                                       **ORDER**

City of Blaine,

        Defendant.

      This land use case is before the Court on Plaintiff Blaine/Atlantic Funding, LLC's ("Plaintiff" or "Blaine/Atlantic") objections to Magistrate Judge Douglas Micko's[1] July 14, 2023 Order denying Plaintiff's motion to compel the depositions of three members of the Blaine City Council who voted against the Blaine Lakes apartment project that Plaintiff sought permission from Defendant City of Blaine ("the City") to develop. [Objections, Doc. No. 34; Order, Doc. No. 33.] The applicable standard of review is "extremely deferential," and the Order will be reversed only where it is "clearly erroneous or contrary to law." *Scott v. United States*, 552 F. Supp. 2d 917, 919 (D. Minn. 2008); Fed. R. Civ. P. 72(a); L.R. 72.2(a)(3). Clear error exists when, on the entire

---

[1] Throughout its Objections, Blaine/Atlantic refers to Judge Micko as "Magistrate Micko" or "the Magistrate." Although the Court does not believe that Plaintiff intended any disrespect in doing so, the Court notes that in 1990, after many years of debate, Congress changed the official title of "United States magistrate" to "United States magistrate judge." Federal Courts Study Committee Implementation Act of 1990, Pub. L. No. 101-650, § 321 (1990), codified as 28 U.S.C. § 631. The title reflects and emphasizes the judicial role played by magistrate judges, and parties ought not dispense with it when referring to the official whose decision is at issue.

record, the reviewing court has "the definite and firm conviction that a mistake has been committed," and the decision is contrary to law when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010). Based on the Court's careful review of the record in this matter, the Court finds that the July 14th Order was neither clearly erroneous, nor contrary to law.[2]

    First, Judge Micko did not misapply the law by referencing caselaw that considered qualified immunity. [Doc. No. 33 at 37–38.] Judge Micko discussed *Stone's Auto Mart, Inc. v. City of St. Paul*, 721 F. Supp. 206 (D. Minn. 1989), where the individual council members were named defendants who allegedly denied the plaintiff's application based on racial animus. *Id.* at 208. The *Stone's* court allowed discovery into the members' motivations, but prohibited depositions absent a threshold showing of relevance, in part because doing so would further the purposes behind the doctrine of qualified immunity. *Id.* at 210–11. Judge Micko essentially reasoned that if officials are entitled to a level of protection from burdensome depositions under those circumstances, allowing depositions in a case like this would permit a plaintiff to impose those burdens simply by choosing not to name the officials in the first instance. [Doc. No. 33 at 29, 37–38.] Blaine/Atlantic points to no case demonstrating that the rationale of Judge Micko's decision is contrary to any statute, case law, or rule of procedure.

---

[2] The Court has reviewed Plaintiff's underlying motion, the City's response, the entire transcript of the July 14th hearing, Plaintiff's Objections, the City's Response, and is otherwise familiar with the electronically filed record.

Nor is the Court persuaded by Blaine/Atlantic's suggestion that Judge Micko committed clear error or misapplied the law by finding that the subjective motivations of the councilmembers who voted against the project were irrelevant. First, the decision was not contrary to law. Some of the cases on which Blaine/Atlantic relies involve equal protection claims dissimilar from those presented here because they alleged discrimination based on the plaintiff's membership in a suspect or quasi-suspect class. *Stone's Auto Mart*, 721 F. Supp. at 211 (race); *Mathers v. Wright*, 663 F.3d 396, 400–01 (8th Cir. 2011) (disability). Second, Judge Micko did not find that the officials' motivation was entirely irrelevant, but rather that Plaintiff failed to make a threshold showing that would permit the court to draw an inference that an "unconstitutional reason motivated the government official's decision." [Doc. No. 33 at 37–38.] For example, Judge Micko carefully considered Blaine/Atlantic's reliance on *One Love Housing LLC v. City of Anoka*, No. 19-cv-1252 (JRT/DTS), 2020 WL 13016669, at *3 (D. Minn. May 5, 2020), and concluded that the allegations in this case did not meet the threshold showing necessary for deposing government officials. [Doc. No. 33 at 9, 14, 22–23, 33–34, 37–38.]

Finally, Blaine/Atlantic argues that the Court should reverse the July 14th Order because Judge Micko made no findings and provided no rationale to support the conclusion that "the burdensomeness of the [requested depositions] is not proportional to the needs of the case." [Doc. No. 33 at 38.] The Court rejects this argument. Reading the transcript of the hearing as a whole, the rationale for Judge Micko's proportionality ruling is apparent, including his reliance on the availability of other methods of discovery, the

concerns he raised about placing unnecessary burdens on government officials through depositions in particular, and his findings concerning Plaintiff's insufficient threshold showing of unconstitutional motivation.

For these reasons, Plaintiff's Objections [Doc. No. 34] are **OVERRULED** and the July 14th Order denying Plaintiff's motion to compel [Doc. No. 33] is **AFFIRMED**.

Date: November 13, 2023

                                                 *s/Katherine Menendez*
                                                 Katherine Menendez
                                                 United States District Judge